

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–61

| | |
|---|---|
| JEREMY JERMAINE GATEWOOD<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 8, 2014<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NOS. CR-2010-954, CR-2010-717]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>AFFIRMED; MOTION GRANTED; REMANDED FOR CORRECTION OF SENTENCING ORDER |

## RITA W. GRUBER, Judge

On July 27, 2010, Jeremy Jermaine Gatewood pleaded guilty to breaking or entering in CR–2010-717 and to residential burglary in CR–2010-954. He received a 72-month suspended imposition of sentence (SIS) for CR–2010-717 and a 120-month SIS for CR–2010-954, subject to specific written conditions. The State subsequently filed a petition to revoke suspension, alleging that Gatewood violated conditions by failing to pay fines, restitution, costs, and fees; failing to give notice of current address and employment; and committing the offenses of residential burglary, theft of property, and criminal mischief.

At an August 27, 2012 revocation hearing, the court revoked SIS in each underlying offense after finding by a preponderance of the evidence that Gatewood had violated conditions by failing to pay and by committing the new offense of residential burglary in June 2012. A sentencing order of November 7, 2012, reflects that Gatewood was sentenced to 240

months' imprisonment for CR-2010-717 and a consecutive sentence of 72 months' SIS for CR-2010-954. As is allowed by Rule 4-3 of the Rules of the Arkansas Supreme Court and Court of Appeals,[1] Gatewood's counsel has filed a no-merit brief and a motion to withdraw on the ground that an appeal in this matter would be wholly without merit. Gatewood has filed pro se points for reversal, and the State has responded to those points.

Gatewood contends that there was no reliable evidence that he violated conditions by being involved in the new crime of residential burglary. He notes that his DNA was not collected at the apartment of the victim, who came home at night to discover a motion-sensor light unscrewed, the front-door lock broken and the door off its hinges, the back door cracked open, and items missing. He argues that the victim, when questioned by the court, second-guessed himself about knowing if the person he saw on the apartment's surveillance video was actually Gatewood. He asserts that Detective Harvey Taylor falsely testified that Gatewood, when interviewed about the burglary, "admitted being involved by going in the residence." He complains that the parole officer who testified at the hearing had no knowledge of Gatewood's fines and fees. Finally, he complains that he was not shown a video of himself breaking into the residence or unscrewing the motion light and that the only proof was "still frames" that showed someone allegedly at the back of the residence.

In order to revoke suspension or probation, the trial court must find by a

---

[1] In his motion to be relieved, counsel incorrectly cites Rule 4-3(j). *See Jefferson v. State*, 2013 Ark. App. 325 (noting that Rule 4-3(k)(1) (2012) governs the filing of no-merit appeals but that Rule 4-3(j) governs preparation of briefs for indigent appellants).

preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2011). We will affirm a revocation when an independent ground on which it was based remains unchallenged on appeal. *E.g.*, *Winston v. State*, 2012 Ark. App. 608. Here, Gatewood's failure to attack the finding that he violated his conditions by failing to pay court-ordered amounts is dispositive of his pro se appeal.

Counsel's no-merit brief addresses three adverse decisions by the circuit court: the revocation itself and two evidentiary rulings. Counsel fairly discusses the evidence supporting the court's findings that probation conditions were violated, and he explains why the court was correct in one adverse evidentiary ruling and why the other ruling constituted harmless error. From our review of the record and the brief presented to us, we find compliance with Rule 4-3(k)(1), and we hold that there is no merit to this appeal.

Counsel's motion to withdraw is granted and the convictions are affirmed. We remand to the circuit court, however, for correction of the sentencing order. A handwritten entry incorrectly shows the offense date of CR-2010-717 as March 12, 2012. It is clear from other documents in the case, as well as the docket number itself, that the year was 2010.

Affirmed; motion granted; remanded for correction of sentencing order.

HARRISON and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.